## SAM COMBS v. COMMONWEALTH.

**Criminal Law—Hog Stealing.**

A charge of hog stealing where the value of the hog is four dollars or more is grand larceny, notwithstanding the charge is preferred under the special hog stealing statute. ·

### APPEAL FROM FAYETTE CIRCUIT COURT.

#### February 4, 1876.

OPINION BY JUDGE PETERS:

The indictment against appellant contains two counts. In the first he is charged with the crime of grand larceny, and in the second he is charged with the crime of receiving stolen property, knowing it to have been stolen. The jury found him guilty of the crime charged in the first count of the indictment, and fixed his punishment at confinement in the penitentiary for two years, and his motion for a new trial having been overruled, and judgment of conviction having been rendered in conformity to the verdict, appellant prosecutes this appeal.

It is first insisted that if appellant is guilty of the crime of stealing, the evidence shows that it was stealing hogs, and he should have been indicted for that specific offense under Sec. 3, Art. XI, Chap. 29, of the General Statutes. The section of the article and chapter referred to certainly provides a punishment for that particular offense, and authorizes an indictment for the same eo nomine. But where the hogs stolen are of the value of four dollars or more, the crime is nevertheless grand larceny, and the punishment for stealing hogs of the value of $4 or more is the very same as that for stealing other goods and chattels of like value. While we may not know why the legislature inserted Sec. 3, supra, in the General Statutes, we cannot doubt that if an individual were indicted for hog stealing under that section, with the averment of the facts necessary to constitute the crime, and the words "grand larceny" were omitted, it would no doubt be good, and eo converso, and it has been so held by this court at the present term. The court below therefore properly overruled the motion to arrest the judgment.

After the evidence was closed the court instructed the jury that if they believed from the evidence beyond a reasonable doubt that the defendant, in this county, and before the finding of the indictment, feloniously took and carried away, or feloniously received, knowing they had been so taken, and carried away the hogs charged in said indictment, or so many thereof as were worth $4, when so taken or

received, they ought to find him guilty, and say in their verdict whether of stealing or receiving them, and fix his punishment at imprisonment in the penitentiary not less than one nor more than five years. To the giving of this instruction appellant excepted, and asked three. The first and third the court refused, to which appellant excepted, but the second was given in the following language: "Before they can find him guilty under the second count in the indictment, they should be satisfied from the evidence that defendant received some part of the property mentioned in the indictment knowing that it was stolen."

The proposition of law presented in the first instruction asked by appellant is substantially incorporated in the instruction given for the commonwealth. In it they are told that if they find the defendant guilty, they must say in their verdict of which offense, of stealing or of receiving the hogs. The instruction asked and refused is that before the jury can find the defendant guilty, they must be satisfied from the evidence of which charge in the indictment he is guilty; and the belief that he is guilty of one of the crimes charged will not justify them in finding him guilty unless they can say of which crime he is guilty.

The refused instruction presented the legal proposition, but little, if any, clearer than it was presented in the instruction given, and that the jury fully comprehended the instruction is manifested by their verdict. We do not see that appellant was prejudiced by that ruling of the court.

The third one seems to be an effort to define a reasonable doubt, an undertaking very difficult to accomplish, and every attempt seems rather to obscure the subject. In the instruction given in behalf of appellee the jury were told they must believe that the facts enumerated as necessary to a conviction were proved beyond a "reasonable doubt," which seems to be the approved form of giving instructions in cases of this character, and we think as comprehensive and intelligible as they can be given, and we see no reason for departing therefrom.

The evidence of the juror as to the manner of arriving at the verdict was properly excluded. It certainly was not found by casting lots, and there is no evidence of any irregularity or improper conduct on the part of the jurors, or any of them.

We perceive no error, therefore, in the proceedings and judgment, and the judgment must be *affirmed.*

*Morton & Parker, for appellant.   T. E. Moss, for appellee.*